## WEBSTER v. FARGO.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH DAKOTA.

No. 378. Argued and submitted February 27, 1901.—Decided April 29, 1901.

It is within the power of the legislature of a State to create special taxing districts, and to charge the cost of local improvement, in whole or in part, upon the property in said districts, either according to valuation, or superficial area, or frontage; and it was not the intention of this court, in *Norwood* v. *Baker*, 172 U. S. 269, to hold otherwise.

This was an action brought by Mortimer Webster in the district court in and for the county of Cass and State of North Dakota, against the city of Fargo ; James M. Fargo, as auditor of said city ; D. C. Ross, as treasurer, and G. J. Olson, as auditor, of Cass County, in which the plaintiff sought to enjoin the defendant from enforcing an assessment for grading and paving against certain lots or pieces of land belonging to the plaintiff, and abutting on the streets of the city of Fargo.

It was admitted, and, indeed, alleged, in the complaint, that "each and every of the acts and proceedings required to be done and taken by the statutes of said State of North Dakota in making and return of said assessment, as aforesaid, were duly taken and done," but it was alleged that the state statutes, under which the work was done and the assessment made, were in violation of the Fourteenth Amendment of the Constitution of the United States, in that they prescribed for paying for grading and paving the streets, by an assessment upon abutting lots by the foot-front rule.

The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer, and, as the plaintiff declined to amend, entered a judgment dismissing the complaint. From this judgment an appeal was taken to the Supreme Court of the State of North Dakota, which court affirmed the judgment of the district court dismissing the complaint. A writ

of error from this court was thereupon allowed by the Chief Justice of the Supreme Court of the State of North Dakota.

*Mr. Seth Newman* for plaintiff in error.    *Mr. Burleigh F. Spalding* was on his brief.

*Mr. S. B. Pinney, Mr. John E. Greene* and *Mr. H. F. Miller* submitted on their brief.

MR. JUSTICE SHIRAS delivered the opinion of the court.

It is conceded, in this record, that the plaintiff in error has no ground to complain of any discrimination attempted against him, either in the statutes of the State or in the proceedings thereunder, whereby the tax in question was assessed against his property.   The sole contention on his behalf is that, under the decision of this court in the case of *Norwood* v. *Baker,* 172 U. S. 269, all special assessments upon the basis of frontage are in violation of the Fourteenth Amendment to the Constitution of the United States, in that they may reihlt in the taking of property without due process of law.

But we agree with the Supreme Court of North Dakota in holding that it is within the power of the legislature of the State to create special taxing districts, and to charge the cost of a local improvement, in whole or in part, upon the property in said districts, either according to valuation, or superficial area, or frontage, and that it was not the intention of this court, in *Norwood* v. *Baker,* to hold otherwise.

It is unnecessary to enter upon an examination of the authorities, as that has recently been done in the case of *French* v. *Barber Asphalt Company, ante,* 324 ; and, upon the authority of that case, the judgment of the Supreme Court of North Dakota is

*Affirmed.*

MR. JUSTICE HARLAN, (with whom concurred MR. JUSTICE WHITE and MR. JUSTICE McKENNA,) dissenting.

The controlling question in this case is the same as is presented

in *French* v. *Barber Asphalt. Paving. Co.*, *ante*, 324, *Wight* v. *Davidson*, *ante*, 371, and *Tonawanda* v. *Lyon*, *ante*, 389, all just decided. For the reasons stated in my opinions in those cases, I dissent from the opinion and judgment of the court in this case.