| 85 | 393 |
|----|-----|
| f91 | 474 |

CLARA WILZINSKI *v.* CITY OF GREENVILLE.

MUNICIPALITIES.  *Special assessments.  Front foot-rule.  Constitutional law.  Constitution* 1890, *sec.* 17.

A municipality may, by legislative authority, charge the costs of paving a sidewalk as a lien on abutting lots of different owners according to the front-foot rule, and so to do is not a taking of private property for public use without compensation.

FROM the chancery court of Washington county.

HON. CAREY C. MOODY, Chancellor.

The city of Greenville, appellee, was complainant in the court below; Mrs. Wilzinski, the appellant, was defendant there.  From a decree in complainant's favor the defendant appealed to the supreme court.

The city of Greenville, being authorized by its charter, under certain conditions, to improve its streets and sidewalks by special or local assessment, to assess the entire cost of improvement upon the lots abutting on the street or sidewalk improved, and to apportion the same among the lots in the proportion that the frontage of each lot bears to the street or sidewalk improved, caused sidewalks to be constructed and laid in concrete along Central avenue, and, in compliance with its charter, assessed the cost thereof upon the abutting lots.  Appellant owns a lot abutting on this avenue, and was assessed to the amount of $96.20 as its proportion of the entire cost of the sidewalk so laid.  Appellant refused to pay this assessment, and the city of Greenville filed the bill in this case to enforce its payment.  Appellant demurred to the bill on the ground, *inter alia,* that the charter provisions of the city of Greenville authorizing local assessments are unconstitutional, because they arbitrarily fix the frontage of the abutting lots as the basis of assessment, and do not provide for the ascertainment of benefits to each lot from the improvement and for its assessment to the extent it is bene-

fited. The demurrer was overruled. Defendant declined to answer, and final decree was rendered, fixing the amount of said assessment against Mrs. Wilzinski and ordering the lot to be sold therefor.

*Percy & Campbell,* for appellant.

While local assessment for paving the carriageway portion of streets, in a municipality, is referable to the taxing power, and the improvement of sidewalks therein is usually referable to the police power, it is said in the case of *Macon* v. *Patty,* 57 Miss., 409, that "it must be remembered, however, that sidewalks are also a part of the public streets, and as such may be brought within the principle of local assessments for paving and repairs, just as the carriageway portion of the street of which they are a part. And when the municipality chooses to make and repair them in this way, the same considerations, both as to the exaction and the extent of the improvement, apply, as in the case of the improvement of the carriageway portion of the streets. It is only when the municipal authorities disregard the principle of local assessment and impose on the owners the duty of paving and keeping in repair the sidewalk in front of their lots, respectively, that the police power is exercised."

The peculiar provisions of appellee's charter, and the method pursued by appellee in making local assessments for the sidewalks in question, bring the case at bar within the principle of local assessments for paving streets, and within the taxing power, and consequently it is to be governed by the same rule that applies to local assessments for paving the carriageway portion of the streets.

That rule, according to many authorities, is that the assessment of any lot must not materially exceed the benefits it receives from the improvement. Until the case of *Norwood* v. *Baker,* 172 U. S., 269, was decided by the supreme court of the United States, we considered that, according to the weight of authority, there was no legal or constitutional objection to

local assessments for street improvements according to what is known as the front-foot rule; but it was held in that case, substantially, that a local assessment of private property for public improvement cannot materially exceed the benefits accruing from such improvement, and that if it does it is to the extent of such excess a taking of private property for public use without compensation, and, therefore, a deprivation of property without process of law in violation of the fourteenth amendment of the federal constitution, and that, to assess the cost of improvement by the frontage rule, without any finding of fact that the property assessed has sustained benefits equal to the cost, is unlawful and violative of the constitution.

In recognition of the binding force of that decision the supreme courts in several states overruled their own decisions, which recognized the validity of local assessments according to the front-foot rule, and adopted the rule announced in *Norwood* v. *Baker;* and, in other states, the supreme courts were gratified to find that the rule announced in that case was in accord with their own sense of just principles, and furnished the only reasonable foundation for the exercise of the taxing power in respect to local assessments, as will be seen from the following cases: *Ashberry* v. *Roanoke,* 42 L. R. A., 636, and note; *Wilson* v. *Trenton,* 68 Am. St. Rep., 714; *Hutcheson* v. *Storrie,* 71 Am. St. Rep., 884; *Walsh* v. *Barron,* 76 Am. St. Rep., 354; *Adams* v. *Shelbyville,* 77 Am. St. Rep., 484.

These and many other cases, state and federal, unnecessary to cite since the decision of *Norwood* v. *Baker, supra,* have either followed the rule announced in that case or have declared their adherence to the principle which underlies it; but, after the rule announced in that case was adopted in these states, the supreme court of the United States in *French* v. *Asphalt, etc., Co.,* 181 U. S., 324, and in *Webster* v. *Fargo,* 181 U. S., 394, held that local assessments for public improvements may be lawfully made, either according to valuation or superficial area

or frontage, and that it was not the intention of that court in *Norwood* v. *Baker* to hold otherwise.

In *Norwood* v. *Baker* some stress was laid upon the fact that the constitution of Ohio involved in that case prohibited the taking of private property for public use without compensation in money, and required the payment of such compensation without deduction for benefits to any property of the owner; and Judge George, in his masterly opinion in *Macon* v. *Patty, supra,* referred to this feature of our constitution as prohibiting local assessments in this state altogether, if there be no other foundation for the power than the equalization of the burdens with the benefits to arise from local assessment.

In searching for the true ground on which to rest the power to make local assessments for an improvement, he argued that there are both a general and a local interest in the improvement, and concluded that, to make the improvement, there must be conjoint action of those who represent the general interest and those who represent the local interest; and, speaking for himself alone, he said that he regarded it "as essential to the validity of the local assessment for a public improvement, in the use of which the general public are directly interested, and the district on which the levy is made is less than any of the regular and legal political subdivisions of the state, that the assent of the local district should be obtained."

According to the view of Judge George, as expressed in *Macon* v. *Patty*, it seems that local assessments, either according to benefits or superficial area or frontage, cannot be lawfully imposed without the assent of the owners of the property assessed, or a majority of them.

In *Walsh* v. *Barron, supra,* the supreme court of Ohio laid stress on a provision in the constitution of that state which required the legislature to restrict the powers of taxation and assessment conferred on municipalities so as to prevent their abuse.

*William Griffin,* for appellee.

The charter of the city of Greenville and its ordinances with reference to sidewalks have in view the avoidance of the complicated method necessary under the code chapter, as construed in *Nugent* v. *Jackson,* 72 Miss., 1040, and *City of Greenville* v. *Harvie,* 79 Miss., 754, and keeping within constitutional limits, fully meet the requirements of sec. 80 of the constitution, and are a valid exercise of the police power, within constitutional limits, under the rule announced by Judge George in *Macon* v. *Patty,* 57 Miss., 409.

Counsel for appellant frankly admit that but for the decision in the case of *Norwood* v. *Baker,* 172 U. S., 269, there could be no objection to the constitutionality of the charter of the city of Greenville, under consideration, and the special assessment as made. They cite a number of cases following *Norwood* v. *Baker,* but also call attention to *French* v. *Asphalt, etc., Co.,* 181 U. S., 324, and in *Webster* v. *Fargo,* 181 U. S., 394, in which the doctrine announced in *Norwood* v. *Baker* is repudiated and overruled.

In the notes to *French* v. *Barber Asphalt Pv. Co.,* as reported in vol. 6, Mun. Corp. Cas., annotated, p. 1, the editor recognizes the conflict of authority on the question of the constitutionality of the "front-foot rule" in local assessments, which was thought to have been set at rest in *Norwood* v. *Baker,* but he says : "But notwithstanding the grounds on which it is sought to be distinguished, it is hard to see that the decision in *Norwood* v. *Baker* is not overruled by the principal case." And see also *Shumate* v. *Heman,* 181 U. S., 402; *Cass Farm Co.* v. *Detroit,* 181 U. S., 396; *City of Detroit* v. *Parker,* 181 U. S., 399; *Wight* v. *Davidson,* 181 U. S., 371; *Tonawanda* v. *Lyon,* 181 U. S., 389; *Webster* v. *City of Fargo,* 181 U. S., 394.

In *Cass Farm Co.* v. *Detroit,* which was an assessment based on the front-foot rule, the following appears in the syllabus as contained in 6 Mun. Corp. Cas., 37 : "An assessment of the cost of paving upon abutting property in proportion to the frontage

of such property, when authorized by the city charter and ordinances, is not in violation of the constitution of the United States." In this case Judge Shiras attempts to explain what was decided in *Norwood* v. *Baker,* and that the rule in that case was applicable "only when there is some abuse of law amounting to confiscation of property, or deprivation of personal rights, as was instanced in that case." See *Franklin* v. *Hancock,* 9 Mun. Corp. Cas., 231, authorities and note.

The case at bar in the light of the above decisions violates no provision of the fourteenth amendment of the federal constitution, and *Norwood* v. *Baker* is inapplicable, even though it be not overruled in express terms.

It will be observed that the notices prescribed by sec. 65 of the charter are by publication, and the authorities are uniform that such notice is sufficient. 2 Lewis on Eminent Domain, sec. 367. The charter is silent as to how this notice should be directed, and in the absence of any specific method in the charter the city council is authorized to prescribe by ordinance as to whom the notice should be directed to appear before the city council and show cause or objection thereto. This was done, and the publication ordered made to all persons in interest, and which includes all classes of persons. 2 Lewis on Eminent Domain, sec. 335.

"The words 'persons interested,' or their equivalent, are often used in such statutes, and have been construed as follows in New Jersey:

"Under the more comprehensive expression of 'persons interested' are included not only the person in whom is vested the legal title, which the company proposes to acquire, as indicated by their application, but also other individuals having some independent right or interest therein, not amounting to an actual legal estate, such as an easement of a right of way, inchoate right of dower, or curtesy, or encumbrances, such as by judgments or mortgages, which are charges or liens on the legal estate." *Gleason* v. *Waukeshaw,* 3 Mun. Corp. Cas., 385,

and notes; *Goodrich* v. *Detroit,* 7 Mun. Corp. Cas., 748; *Voight* v. *Detroit,* 7 Mun. Corp. Cas., 755, and notes; *Nugent* v. *Jackson,* 72 Miss., 1040.

WHITFIELD, C. J., delivered the opinion of the court.

The question for solution in this case is: Could the city of Greenville charge a local assessment for sidewalk improvements upon the property of the appellant abutting upon the pavement, making such charge a lien upon said property according to what is known as "the front-foot rule," without limiting the amount of such assessment by the special benefits accruing to such property so charged with the cost of the improvements? The only duty we have to perform in this case is to ascertain the holding, on the point involved, of the supreme court of the United States. Volumes have been written in text-books and decisions upon the conflicting views on what is known as the "front-foot rule." *Macon* v. *Patty,* 57 Miss., 378 (34 Am. St. Rep., 451), exhausted the subject. It would be idle for us to attempt to add to the learning on the subject, and doubly idle, in view of our duty to follow the supreme court of the United States, whatever might be our opinion on the subject. In *Village of Norwood* v. *Baker,* 172 U. S., 294 (19 Sup. Ct., 196; 43 L. ed., 453), the United States supreme court, by a vote of six to three, through Mr. Justice Harlan, held: "That, while abutting property may be specially assessed on account of the expense attending the opening of a public street in front of it, such assessment must be measured or limited by the special benefits accruing to it—that is, by benefits that are not shared by the general public—and that taxation of the abutting property for any substantial excess of such expense over special benefits will, to the extent of such excess, be a taking of private property for public use without compensation." But in *French* v. *Barber Asphalt Pv. Co.,* 181 U. S., 324 (21 Sup. Ct., 625; 45 L. ed., 879), the United States supreme court, by a vote of six to three, expressly held that such assessment by the

"front-foot" rule, although not measured by the value of the benefits received by the particular property, is not a taking of private property for public use without compensation, to the extent of any substantial excess of the cost over the benefits, and that whether such front-foot rule or other method shall be adopted is a question exclusively within the legislative discretion, over which the courts will not exercise corrective control; unless, as we understand this case, the action of the city authorities in making such assessment shall amount to "an act of confiscation." We think this exception is clearly deducible from the distinction the court seeks to draw between the cases of *Village of Norwood* v. *Baker* and *French* v. *Barber, etc., Co.* The court say on this point: "That was a case where, by a village ordinance apparently aimed at a single person, a portion of whose property was condemned for a street, the entire cost of opening the street, including not only the full amount paid for the strip condemned, but the cost and expenses of the condemnation proceedings, was thrown upon the abutting property of the person whose land was condemned. This appeared, both to the court below and to a majority of the judges of this court, to be an abuse of the law, an act of confiscation, and not a valid exercise of the taxing power." In *Webster* v. *City of Fargo,* 181 U. S., 395 (21 Sup. Ct., 624; 45 L. ed., 914), the United States supreme court again held—divided as before, six to three—"that it is within the power of the legislature of the state to create special taxing districts, and to charge the cost of a local improvement, in whole or in part, upon the property in said district, either according to valuation or superficial area or·frontage; and that it was not the intention of that court in *Village of Norwood* v. *Baker,* 172 U. S., 269 (19 Sup. Ct., 187; 43 L. ed., 443), to hold otherwise." And the same doctrine was again announced in 181 U. S., 396 (21 Sup. Ct., 644; 45 L. ed., 915), the court dividing as before, six to three, in *Cass Farm Co.* v. *Detroit,* which last, however, it should be noted, is, like the case before us, a case of laying pave-

ment on sidewalks, and not one of opening streets, as was *Village of Norwood* v. *Baker*.   And so to the same effect see *City of Detroit* v. *Parker,* 181 U. S., 399 (21 Sup. Ct., 624; 45 L. ed., 917); *Wormley* v. *District of Columbia,* 181 U. S., 402 (21 Sup. Ct., 609; 45 L. ed., 921); *Shumate* v. *Heman,* 181 U. S., 402 (21 Sup. Ct., 645; 45 L. ed., 922); and *Farrell et al.* v. *West Chicago Park Commission,* 181 U. S., 404 (21 Sup. Ct., 609; 45 L. ed., 924).   In the Cass Farm Company case stress is laid upon the fact that it was a paving case, and not a street opening case.   In the Detroit case, *supra,* attention is called to the facts that there was no disregard of the statute of the state and the ordinances of the city; that the matter had been conducted in strict conformity to them as to notice and all else; and that there was no claim that the appellant's property had been charged differently from that of the other landowners, nor "that the portion and share of the cost for making the improvements assessed against complainant's property in point of fact exceeded the benefits accruing to such property by reason of such paving."   In all these respects the case we are dealing with is like the Detroit case.   In the case of the *Town of Tonawanda* v. *Lyon,* 181 U. S., 389 (21 Sup. Ct., 609; 45 L. ed., 908), the supreme court of the United States again held: "The apportionment of the entire cost of a street pavement upon the abutting lots according to their frontage, without any judicial inquiry as to their value or the benefits they receive, may be authorized by the legislature; and this will not constitute a taking of property without due process of law."   We call special attention to what the court says at p. 911, 45 L. ed. (p. 391, 181 U. S.; and p. 610, 21 Sup. Ct.): "What was claimed was that a state statute which directs municipalities to assess the whole expense of paving any highway therein upon the lands abutting upon the highway so improved in proportion to the feet frontage of such lands, without providing for a judicial inquiry into the value of such lands and the benefits actually to accrue to them by the proposed

improvement, is unconstitutional and void. And it was held by the court below that, notwithstanding the courts of the state may have held otherwise, it was its duty to follow the decision of this court in the case of *Village of Norwood* v. *Baker,* 172 U. S., 269 (19 Sup. Ct., 187; 43 L. ed., 443), which was regarded by the court below as establishing the principle contended for, and accordingly the defendants were enjoined from enforcing payment of the assessment. But we think that, in so understanding and applying the decision in *Village of Norwood* v. *Baker,* the learned judge extended the doctrine of that case beyond its necessary meaning. It was not the intention of the court in that case to hold that the general and special taxing systems of the state, however long existing and sustained as valid by their courts, have been subverted by the fourteenth amendment of the constitution of the United States. The purpose of that amendment is to extend to the citizens and residents of the states the same protection against arbitrary state legislation affecting life, liberty, and property as is afforded by the fifth amendment against similar legislation by congress. The case of *Village of Norwood* v. *Baker* presented, as the judge in the court in the present case well said, 'considerations of peculiar and extraordinary hardships,' amounting, in the opinion of a majority of the judges of this court, to actual confiscation of private property to public use, and bringing the case fairly within the reach of the fourteenth amendment. The facts disclosed by the present record do not show any abuse of the law, nor that the burdens imposed on the property of the complainant were other than those imposed upon that of other persons in like circumstances; and it is obvious, from expressions in the opinion of the trial judge, that he reached his conclusion because constrained by what he understood to be the principle established by the Norwood case." It will be observed that the court again distinguishes the *Village of Norwood* v. *Baker* case upon what it calls the "peculiar and extraordinary hardships" involved in that case. In this case our

sole duty is, without reference to which we think the better view between these two views, to ascertain what the holding of the supreme court of the United States is, and to follow it. We understand the supreme court of the United States to now hold two things: First, that the doctrine of *Village of Norwood* v. *Baker* is to be limited strictly to the peculiar facts of that particular case, as one in which the assessment was treated as an act of confiscation; secondly, that it is not a taking of private property for public use without compensation where the legislature, or a city exercising delegated legislative power, charges the cost of paving a sidewalk as a lien upon the abutting lots of different proprietors according to the "front-foot" rule, without limiting the cost of the improvements by the special benefits received by such abutting lots, but that such levy is within the legislative discretion. The case at bar is one involving many other persons besides Mrs. Wilzinski; she, indeed, appearing to be the only one objecting. It follows from what we understand to be the doctrine now announced by the United States supreme court that the action of the learned court below in overruling the demurrer to the bill was correct.

*Affirmed, and remanded, with leave to answer in thirty days from the filing of the mandate in the court below.*