## NORTHWESTERN IMPROVEMENT CO. v. JOHN DAY IRR. DIST. et al.

(District Court, D. Oregon. February 27, 1922.)

No. 8583.

1. Constitutional law ⬤═290(1)—Due process of law permits state Legislature to determine property benefited by public improvements.

In the absence of any more specific constitutional restraint than the general prohibition against taking property without due process of law, the Legislature of a state, in fixing the sum necessary to be levied for a public improvement, is authorized to determine both the amount of the tax and the class of lands which shall be benefited, and its determination is conclusive upon the owner and the courts.

2. Constitutional law ⬤═290(2)—State Legislature may determine method of assessment for public improvement.

A state Legislature in its discretion may assess the cost of a public improvement upon property which it determines to be benefited in proportion either to position, frontage, area, or market value, and unless the exaction is a flagrant abuse of power it does not amount to a deprivation of property without due process of law.

3. Constitutional law ⬤═290(1)—Waters and water courses ⬤═216—Oregon Irrigation Law held constitutional.

Oregon Irrigation Law, § 24, in providing that the directors of an irrigation district shall assess the cost of construction and maintenance of the irrigation system equally on each acre of irrigable land in the district, is not unconstitutional, as depriving an owner of his property without due process of law, because it may be shown that some acres are benefited less than others.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Northwestern Improvement Company against the John Day Irrigation District and Morrow County, Or. On motion to dismiss bill. Granted.

Geo. F. Reid, of Seattle, Wash., J. W. Quick, of Tacoma, Wash., L. B. Da Ponte, of Seattle, Wash., and C. A. Murray, of Tacoma, Wash., and Carey & Kerr, C. A. Hart, and Robert Kuykendall, all of Portland, Or., for plaintiff.

C. H. Finn, of La Grande, Or., and F. A. McMenamin, of Hepner, Or., for defendant Irrigation Dist.

Willis Moore, Asst. Atty. Gen., and John K. Kollock, of Portland, Or., for defendant Morrow county.

BEAN, District Judge. I shall state my conclusions after a careful examination of the questions involved, and without elaboration. The suit is by the owner of some 6,000 acres of irrigable land within the John Day irrigation district to enjoin and restrain the collection of a tax of 50 cents an acre assessed against said lands and against other irrigable land within the district, to pay for operation and the costs of plans and surveys. The district was regularly organized under the laws of Oregon (chapter 357, Laws of 1917), and embraces about 234,000 acres of irrigable land. The assessment in question was made under section 24 of said law, which, so far as material here, provides that:

"The board of directors shall, on or before the first Tuesday in September of each year, make a computation of the whole amount of money necessary to be raised by said district for the ensuing year, for any and all purposes whatsoever in carrying out the provisions of this act, including estimated delinquencies on assessments. Said amount of money, when so determined by said board, shall be and constitute an assessment upon all of the land included in said district, and shall be apportioned by said board to the lands owned or held by each person, firm, or corporation, so that each acre of irrigable land in the district shall be assessed and required to pay the same amount as every other acre of irrigable land therein except as hereinafter otherwise provided.

"The board of directors shall determine the number of irrigable acres owned by each landowner in the district and the proportionate assessments as herein provided for as nearly as may be from available information, and should it be found that a substantial error has been made in such determination, proper adjustment may be made at the next equalization of the annual assessment by increasing or decreasing the amount any landowner shall pay."

It is alleged in the bill that the estimated cost of the proposed irrigation system is $150 for each irrigable acre in the district; that such lands vary greatly in quality and location and the benefits to be derived from irrigation; that about 1,200 acres of plaintiff's land will not be benefited in excess of $50 to $100 an acre and the remainder from $30 to $50 per acre. It is claimed, therefore, that the law, in providing the method and manner of apportioning the tax, is unconstitutional and void because, first, it is in violation of the Constitution of Oregon, which provides that the Legislative Assembly shall, and the people through the initiative may, provide by law for uniform rates of assessment and taxation; and second, that it deprives the plaintiff of its property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States.

The courts of the state have in more than one instance declared the law valid, although the precise question here presented does not seem to have been alluded to. See Medford Irr. Dist. v. Hill, 96 Or. 649, 190 Pac. 957, and authorities cited. It is only necessary, therefore, at this time to consider the contention that the law provides for taking of property without due process of law, in violation of the federal Constitution, and as I understand the decisions of the Supreme Court of the United States such contention cannot be sustained.

[1, 2] In the absence of any more specific constitutional restraint than the general prohibition against taking property without due process of law, the Legislature of a state, in fixing the sum necessary to be levied for a public improvement, is authorized to determine both the amount of the tax and the class of lands which shall be benefited, and its determination is conclusive upon the owner and the courts (Spencer v. Merchant, 125 U. S. 347, 8 Sup. Ct. 921, 31 L. Ed. 763), and in its discretion may assess the cost of such improvement upon property which it determines to be benefited in proportion either to position, frontage, area, or market value, and unless the exaction is a flagrant abuse of power it does not amount to a deprivation of property without due process of law (Davidson v. New Orleans, 96 U. S. 104, 24 L. Ed. 616; Mattingly v. District of Columbia, 97 U. S. 687, 24 L. Ed. 1098; Walston v. Nevin, 128 U. S. 578, 9 Sup. Ct. 192, 32 L. Ed. 544; Fallbrook Irrigation District v. Bradley, 164 U. S. 176, 17 Sup. Ct. 56, 41 L. Ed. 369; Parsons v. District of Columbia, 170 U. S. 45, 18 Sup. Ct. 521, 42 L. Ed. 943; Webster v. Fargo, 181 U. S. 394, 21 Sup. Ct. 623, 45 L. Ed. 912; French v. Barber Asphalt Paving Co., 181 U. S. 326, 21 Sup. Ct. 625, 45 L. Ed. 879; Houck v. Little River Drainage District, 239 U. S. 255, 36 Sup. Ct. 58, 60 L. Ed. 266; King v. Portland, 38 Or. 402, 63 Pac. 2, 55 L. R. A. 812).

[3] It does not appear in this case that the method of assessment adopted by the Legislature is such an abuse of power as to render the law void. It is not claimed that the plaintiff's lands will not be benefited by the improvement, but its position is that the assessment of them according to irrigable acres is an arbitrary exaction and not according to benefits. Assuming that no land should be assessed in a greater sum than the benefit received by it, the amount of such benefit is not susceptible of accurate determination. Some means of arriving at it must be used, and the Legislature saw fit to adopt the irrigable acre as a basis for the apportionment, and I do not think that it can be held that its action is so arbitrary, or is such an invasion of the rights of property, as to constitute a taking in violation of the federal Constitution. It is a mere matter of detail, in arriving at the proper and fair amount and proportion of the tax to be levied on the land with regard to benefits. That was a question within the discretion of the Legislature, and with its determination the courts ought not to interfere. Davidson v. Orleans, supra; French v. Barber Asphalt Paving Co., supra.

It follows that the motion to dismiss should be sustained; and it is so ordered.