Eldora KOISTINEN, Plaintiff and
Appellant,

v.

FARMERS UNION OIL COMPANY OF
ROLLA, Defendant and Respondent.

Civ. No. 8653.

Supreme Court of North Dakota.

Aug. 28, 1970.

Duffy & Haugland, Devils Lake, for plaintiff and appellant.

Pringle & Herigstad, Minot, for defendant and respondent.

STRUTZ, Judge.

The above-entitled action and two others were commenced against the Farmers Union Oil Company of Rolla, North Dakota. The claims of all plaintiffs in these actions are based upon the same facts and allegations of negligence on the part of the defendant. The cases came on for trial before the court without a jury, and the parties stipulated in open court that the three cases be tried together on the issue of liability alone; and that if the

question of liability was determined in favor of the plaintiffs, subsequent trials would be had in each case on the issue of damages.

The plaintiff in this action seeks damages for personal injuries alleged to have been caused by the negligence of the defendant and its agents and employees. Some of the differences between the parties arise over the conclusions to be drawn from the facts which were put in evidence.

The plaintiff was an employee in a furniture store operated by Roy V. O'Brien and Julie O'Brien, doing business as O'Brien Furniture Store. At the time of the occurrence out of which the plaintiff's asserted claim arose, the O'Briens were in the process of remodeling and adding space to their store. They had purchased a propane heating unit from the defendant to heat the remodeled portion of the building during construction and remodeling until a permanent heating unit could be installed. The propane unit consisted of a container, or tank, to hold the propane gas, a hose connecting the heating unit, and the heating unit itself. This equipment had been purchased by the O'Briens on December 19, 1967, and had functioned without any trouble until February 1, 1968. On the latter date, an employee of the O'Briens had taken the tank, or cylinder, to the defendant to be refilled and then had returned to the store and connected it to the heater in the usual manner. There appears to have been some slight difficulty in lighting the heater, because some of the liquid propane was forced out of the burner unit when the valve was opened. A small torch then was used to heat the burner and vaporize the gas after which the heater was lighted. It operated without incident from approximately nine o'clock in the morning until approximately two o'clock in the afternoon, when an explosion occurred, causing the injuries and damages for which the three suits are brought.

The record discloses that the temperature on the day of the explosion ranged from fifteen degrees below zero to approximately nine degrees above zero. The temperature at any given hour is not shown in the record.

Just prior to the explosion, a carpenter working on the remodeling project had been sawing two-by-fours to be used in constructing shelving in the new addition to the store. As he was picking up the pieces of two-by-four which he had cut, to take them into the adjoining room, he observed a small flame at the hose at a point about midway between the gas cylinder and the heater. He attempted to extinguish the flame, and while he was in the process of doing this an explosion occurred.

A witness for the plaintiff, the son-in-law of the O'Briens, was one of the first persons to reach the scene of the explosion and fire. He testified that he had been successful in extinguishing the fire with a portable fire extinguisher, but had difficulty extinguishing a small flame burning at a point on the hose some two or three feet from the gas cylinder. After this blaze finally had been put out, there was a hissing noise at the point where the flame had been burning which was caused by the escape of gas through a rupture in the hose. When the valve on the tank was turned off, the hissing sound stopped. Following the explosion and the fire, a new tank and hose were connected to the heater and the unit thereafter functioned properly.

The act of negligence alleged by the plaintiff against the defendant as the proximate cause of the explosion was that, in refilling the gas tank, the defendant had negligently overfilled it. The defendant denied the allegation of negligence. Expert witnesses testified for both parties, touching upon the character of propane gas, how it is affected by extremes in temperature, the functioning of the heater, and on various technical aspects of the operation of the equipment. The plaintiff's witnesses testified that overfilling the cylinder could have caused the explosion; whereas

the defendant's witnesses assert just as strenuously that even if the tank had been overfilled, this could not, under any circumstances, have caused the explosion; that, in any event, if the explosion had been caused by overfilling the cylinder, such explosion would have occurred shortly after the equipment was lighted, and not approximately four and one-half or five hours thereafter.

The decision to be reached in this case thus will be determined by which witnesses are to be believed, since the evidence clearly presents a question of fact. If the expert witnesses of the plaintiff are to be believed, the defendant would be found to have been negligent and the plaintiff would be entitled to recover. On the other hand, if the witnesses of the defendant are to be believed, the plaintiff has wholly failed to establish any negligence on the part of the defendant which could be said to have proximately caused the explosion and fire. The record does show that, on the morning of the explosion and fire, the heater operated normally, after some slight difficulty in lighting it, and it continued to so operate from approximately nine o'clock in the morning until approximately two o'clock in the afternoon. The defendant points out that the rupture in the hose was between the heater and the cylinder at a point where the hose touched the floor, where the hose most likely would be damaged by some sharp object being accidentally dropped upon it.

The trial court found that the plaintiff had failed to establish negligence on the part of the defendant by a preponderance of the evidence, and it dismissed the plaintiff's claim. From the judgment entered, the plaintiff has taken this appeal, demanding a trial de novo.

This court has held in many cases that on an appeal from a judgment entered in a case tried to the court without a jury, where the appellant demands a trial de novo, the findings of the trial court will be given appreciable weight by the Supreme Court, especially where such judgment is based upon evidence of witnesses who appeared in person before the trial court. Pauly v. Haas, 84 N.W.2d 302 (N.D.1957); Strobel v. Strobel, 102 N.W.2d 4 (N.D. 1960); Renner v. Murray, 136 N.W.2d 794 (N.D.1965); Parceluk v. Knudtson, 139 N.W.2d 864 (N.D.1966).

In an action based upon negligence, the plaintiff has the burden of proving that the defendant was responsible for some negligent act or omission and that such act or omission was the proximate cause of the injury or damage complained of. Farmers Home Mutual Insurance Co. v. Grand Forks Implement Co., 79 N.D. 177, 55 N.W. 2d 315 (1952).

Thus, in this case, the burden was on the plaintiff to show not only that the gas tank was improperly filled but that such overfilling caused excessive pressure in the hose, causing it to rupture or puncture. There was a hole in the hose, but what caused it is mere conjecture. The equipment had been used for more than a month after its purchase, and thus it would appear that the hose was not defective at the time it was purchased. As previously stated, the hole in the hose which was discovered just before the explosion was at or near the point where the hose touched the floor and where it most likely would be damaged or cut by some sharp object being dropped on it.

Witnesses for both parties appeared before the trial court. Expert witnesses testified for both sides. Those appearing for the plaintiff supported one theory in attempting to explain the explosion and the resulting fire, while those testifying for the defendant disagreed with the plaintiff's witnesses and their conclusions, and advanced theories of their own as to the cause of the fire and explosion. The trial court saw and heard all the witnesses, lay as well as expert. It found that the plaintiff had failed to establish a cause of action against the defendant by a preponderance of the evidence. Applying the rule

that on an appeal demanding trial de novo from a judgment entered in a case tried without a jury, this court will give appreciable weight to the findings of the trial court, and, under the law and the evidence, we cannot say that the findings of the trial court are not supported by the evidence.

For reasons stated in this opinion, the judgment of the district court is affirmed.

TEIGEN, C. J., and PAULSON, KNUDSON and ERICKSTAD, JJ., concur.