H. H. FISHER and Bert H. Van de Streek, on behalf of themselves and all other taxpayers of the City of Minot, State of North Dakota, Plaintiffs and Appellants,

v.

The CITY OF MINOT, a municipal corporation, Defendant and Respondent.

Civ. No. 8709.

Supreme Court of North Dakota.

June 23, 1971.

Pringle & Herigstad, Minot, for the plaintiffs and appellants.

Bosard, McCutcheon, Kerian & Schmidt, Minot, for the defendant and respondent.

PAULSON, Judge.

This is an appeal from a taxpayers' class action requesting the district court to enjoin the City of Minot from proceeding with the construction of a municipal parking lot in downtown Minot, and to dissolve the special improvement district which was established to fund the construction of such lot. Two other suits were brought against the City of Minot for the same purposes and were consolidated with the instant case for trial.

The action came on before the court without a jury on February 22, 1971, and at the close of the plaintiffs' case the court granted the motion of the City of Minot to dismiss the action. Appellants H. H. Fisher and Bert H. Van de Streek appealed from the judgment dismissing the action and demanded a trial de novo of the entire case in this court. This case arose out of the decision of the City of Minot to construct a large surface parking lot in its downtown area which would cover one-half of a city block. For a considerable period of time prior to the City of Minot's decision to construct this parking lot, numerous newspaper articles and local radio and television programs relating to merchants and downtown property owners who sought additional parking were published and broadcast. The City of Minot is operated under a city council-city manager form of government, with fourteen aldermen, a city manager, and a mayor.

The sequence of events pertaining to the action taken by the City of Minot is as follows:

On June 1, 1970, the City of Minot adopted a resolution creating Parking Improvement District No. 4.

On September 30, 1970, the Minot City Engineer, Burt Peckham, submitted to the Minot city council in writing the figures based upon the engineers' and appraisers' estimates of the costs of such parking district.

On October 5, 1970, the Minot city council passed a resolution approving the plans, specifications, and estimates of costs of the project. On this same date, a resolution was also passed declaring the necessity of Parking Improvement District No. 4.

On October 7 and on October 14, 1970, the resolution of necessity was published in the Minot Daily News, the official newspaper, declaring the necessity of Parking Improvement District No. 4.

The minutes of the city council meeting of November 9, 1970, reveal that the area represented by protests against the improvement proposed for Parking Improvement District No. 4 was only 31.1 per cent of the total assessable square footage in the improvement district.

Also, on November 9, 1970, a resolution was passed by the city council which stated that the City of Minot had heard the protesting property owners and had determined that there was an insufficiency of protest with reference to Parking Improvement District No. 4.

There are three issues raised on this appeal:

(1) Did the City of Minot, in creating Parking Improvement District No. 4, act in an arbitrary, unreasonable, or capricious manner?

(2) Are those sections of Chapter 40–22, N.D.C.C., under which the City of Minot proceeded, unconstitutional?

(3) Is § 40–22–18, N.D.C.C., in violation of the "one man, one vote" principle enunciated by the United States Supreme Court?

The relevant constitutional and statutory provisions are as follows:

U.S.Const., Art. XIV, § 1. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

N.D.Const., § 13. " * * * No person shall * * * be deprived of * * * property without due process of law."

N.D.Const., § 130. "Except in the case of home rule cities and villages as provided in this section the legislative assembly shall provide by general law for the organization of municipal corporations, restricting their powers as to levying taxes and assessments, borrowing money, and contracting debts. Money raised by taxation, loan or assessment for any purpose shall not be diverted to any other purpose except by authority of law. * * * *"

§ 40–22–01, N.D.C.C. "Power of municipalities to defray expense of improvements by special assessments.—Any municipality, upon complying with the provisions of this chapter, may defray the expense of any or all of the following types of improvements by special assessments:

* * *
"5. The acquiring or leasing of the necessary property and easements and the construction of parking lots, ramps, garages, and other facilities for motor vehicles.

"In planning an improvement project of a type specified in any one of the foregoing subsections, the governing body may include in such plans any and all items of work and materials which in its judgment are necessary or reasonably incidental to the completion of an improvement project of such type."

§ 40–22–08, N.D.C.C. "Improvement districts to be created.—For the purpose of making an improvement project of one of the types specified in section 40–

22–01 and defraying the cost thereof by special assessments, a municipality may create water districts, sewer districts, water and sewer districts, street improvement districts, boulevard improvement districts, flood protection districts, and parking districts, and may extend any such district when necessary. The appropriate special improvement district may be created by ordinance or resolution. The district shall be designated by a name appropriate to the type of improvement for the making of which it is created, and by a number distinguishing it from other improvement districts. Nothing herein, however, shall prevent a municipality from making and financing any improvement and levying special assessments therefor under any alternate procedure set forth in this title."

§ 40–22–09, N.D.C.C. "Size and form of improvement districts—Regulations governing.—Any improvement district created by a municipality may embrace two or more separate property areas. Each improvement district shall be of such size and form as to include all properties which in the judgment of the governing body, after consultation with the engineer planning the improvement, will be benefited by the construction of the improvement project which is proposed to be made in or for such district, or by any portion or portions of such project. A single district may be created for an improvement of the type specified in any one of the subsections of section 40–22–01, notwithstanding any lack of uniformity among the types, items or quantities of work and materials to be used at particular locations throughout the district. The jurisdiction of a municipality to make, finance and assess the cost of any improvement project shall not be impaired by any lack of commonness, unity, or singleness of the location, purpose or character of the improvement, or by the fact that any one or more of the properties included in the district is subsequently determined not to be benefited by the improvement, or by a particular portion thereof, and is not assessed therefor. There may be omitted from a water or sewer district, in the discretion of the governing body, properties within the corporate limits which are benefited by the improvement therein but do not abut upon a water or sewer main, without prejudice to the right and power of the municipality subsequently to assess such properties to the extent and in the manner permitted by law."

§ 40–22–15, N.D.C.C. "Resolution declaring improvements necessary—Exception for sewer and water mains—Contents of resolution.—After the plans, specifications, and estimates for an improvement have been filed and approved, the governing body of the municipality, by resolution, shall declare that it is necessary to make the improvements described therein. Such resolution shall not be required, however, if the improvement consists of the construction or alteration of sewer or water mains, unless it is determined that the cost thereof shall be paid in part as is provided in section 40–22–16. The resolution shall refer intelligibly to the plans, specifications, and estimates, and shall be published once each week for two consecutive weeks in the official newspaper of the municipality."

§ 40–22–18, N.D.C.C. "Protest bar to proceeding—Invalid or insufficient protests.—If the governing body finds the protests to contain the names of the owners of a majority of the area of the property included within the improvement district the protests shall be a bar against proceeding further with the improvement project described in the plans and specifications. If the governing body finds the protests to contain the names of the owners of a majority of any separate property area included within the district, such protests shall be a bar against proceeding with the portion of such improvement project, the cost of which is to be assessed in whole or in part upon property within such area, but

shall not bar against proceeding with the remainder of the improvement project or assessing the cost thereof against other areas within the district, unless such protests represent a majority of the area of the entire district. If the protests are found to be insufficient or invalid, the governing body may cause the improvement to be made and may contract or otherwise provide in accordance with this title for the construction thereof and the acquisition of property required in connection therewith and may levy and collect assessments therefor."

Fisher and Van de Streek primarily rely on the estimated cost of the project and the location of the parking lot in raising the issue as to whether or not the City of Minot had acted in these proceedings in an arbitrary or unreasonable or capricious manner. The estimated cost of the project is $1,287,000, or $8,043.75 per parking space, assuming a maximum of 160 parking spaces in the project. Fisher and Van de Streek introduced into evidence a study on municipal parking projects which revealed that a parking lot should be within 300 feet of an automobile driver's destination in order to attract his maximum patronage, and they further contend that proposed Parking Improvement District No. 4 extends such district for many city blocks beyond the 300 feet recommended for maximum efficiency, as set forth in the study designated as Plaintiffs' Exhibit 2 (parking project study). In rebuttal, the City of Minot urges that Fisher and Van de Streek have failed in the proof of their allegation that the city council of Minot was arbitrary, unreasonable, or capricious—both as to its procedures and as to its actions with reference to Parking Improvement District No. 4. The City of Minot argues that the downtown merchants and property owners of Minot had been contacting the city council for additional downtown parking, that the parking problem in the downtown area of Minot was a matter of public knowledge, and that extensive publicity had been given to the fact that the downtown property owners and merchants were seeking additional parking facilities.

Fisher and Van de Streek concede that the City of Minot has complied with the procedural steps required by the applicable sections of Chapter 40–22, N.D.C.C.

The trial court included in its findings that the City of Minot had followed the correct statutory procedure: in the establishment of Parking Improvement District No. 4; in the preparation of plans, specifications, and estimates of costs for such parking district; in the adoption of such plans, specifications, and estimates of costs by the city council; in the adoption of the resolution of necessity and in the publication of such resolution; in the public hearing on protests in connection with such parking district; and in the determination by the city council that such protests as were registered were insufficient. The trial court also found that the actions of the city council in the course of establishing Parking Improvement District No. 4 were not arbitrary, unreasonable, or capricious, nor did such actions constitute an abuse of discretion on the part of the city council; and that, to the stage of the proceedings that the City of Minot has presently reached in the establishment of Parking Improvement District No. 4, the Minot city council has exercised its legislative power as a municipal corporation and this legislative power has been properly used by the city council of the City of Minot.

■ This court has repeatedly held that where an appellant demands a trial de novo and a retrial of the entire case in an appeal from an action tried to the court without a jury, the findings of the trial court will be given appreciable weight by the Supreme Court, especially where such judgment is based upon the testimony of witnesses who appeared in person before the trial court. Koistinen v. Farmers Union Oil Company of Rolla, 179 N.W.2d 327 (N.D.1970); Renner v. Murray, 136 N.W. 2d 794 (N.D.1965); Goheen v. Gauvey, 122 N.W.2d 204 (N.D.1963); Strobel v.

Strobel, 102 N.W.2d 4 (N.D.1960). A review of the record reveals that the evidence amply supports the findings of the trial court that the City of Minot did not act in an arbitrary, unreasonable, or capricious manner in the proceedings thus far completed with reference to Parking Improvement District No. 4.

Fisher and Van de Streek have contended that those statutes in Chapter 40–22, N.D.C.C., under which the City of Minot proceeded, are unconstitutional and void, in that such statutes deny Fisher and Van de Streek due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States and of § 13 of the Constitution of the State of North Dakota. There is no question among the party litigants that the City of Minot, in proceeding under the applicable sections of Chapter 40–22, N.D.C.C., was acting in compliance with these sections which were enacted by the North Dakota Legislature to enable a city to create special improvement districts, including parking lot improvement projects.

The United States Supreme Court affirmed the opinion of the North Dakota Supreme Court in Webster v. City of Fargo, 181 U.S. 394, 21 S.Ct. 623, 45 L.Ed. 912, 916 affirming 9 N.D. 208, 82 N.W. 732, 56 L.R.A. 156 (1900).

■ In Webster v. City of Fargo, *supra* 181 U.S. at 395, 21 S.Ct. at 624, the United States Supreme Court held:

"But we agree with the supreme court of North Dakota in holding that it is within the power of the legislature of the State to create special taxing districts, and to charge the cost of a local improvement, in whole or in part, upon the property in said districts, either according to valuation or superficial area or frontage, and that it was not the intention of this court, in Norwood v. Baker [172 U.S. 269, 19 S.Ct. 187, 43 L. Ed. 443] to hold otherwise."

■ The legislature, in exercise of its general powers, may direct, subject to constitutional restrictions, that the cost of local improvements be assessed upon property benefited, and this power may be delegated to municipalities. Ellison v. City of LaMoure, 30 N.D. 43, 151 N.W. 988 (1915). See Murphy v. City of Bismarck, 109 N.W.2d 635 (N.D.1961); Stark v. City of Jamestown, 76 N.D. 422, 37 N.W.2d 516 (1949); State ex rel. Shaw v. Frazier, 39 N.D. 430, 167 N.W. 510 (1918).

■ Fisher and Van de Streek admit that notice was given by publication of the resolution of necessity, but they assert that such notice was insufficient, and that personal service should have been employed, especially where both Fisher and Van de Streek were residents of the City of Minot. Fisher and Van de Streek contend that the following cases hold that under the Fourteenth Amendment to the United States Constitution, notice by publication is not sufficient to terminate legal rights when the name and address of the individual to whom said notice is directed are readily available to the party sending the notice, and the notice should have been sent to those entitled to receive notice: Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956); Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). In the instant case, at this stage of the proceedings for the establishment of Parking Improvement District No. 4, the resolution of necessity was published pursuant to § 40–22–15, N.D.C.C., and the personal rights or the property rights of Fisher and Van de Streek have not been in any way jeopardized, nor have they been deprived of any constitutional rights. This court, in syllabus paragraph 9, in State ex rel. City of Minot v. Gronna, 79 N.D. 673, 59 N.W.2d 514, 515, 519 (1953), held:

"In ascertaining the intent and general purpose as well as the meaning of a constitution or a part thereof it should be

construed as a whole, and all doubt as to the constitutionality. of a statute including doubts arising from the constitution as well as from the statute should be resolved in favor of the validity of the statute and the statute will be upheld unless it clearly appears that it violates some provision of the constitution."

The Supreme Court of Nebraska in Jones v. Village of Farnam, 174 Neb. 704, 119 N.W.2d 157, 158 (1963), in syllabus paragraph 4, held:

"In this jurisdiction an opportunity to be heard with right of review upon the question of assessments for benefits is all that is required to satisfy the due process provisions of the Constitutions of Nebraska and the United States."

We adopt the reasoning of the Nebraska court and therefore conclude that Fisher and Van de Streek were not deprived of any constitutional rights by the City of Minot when it gave notice to the property owners in the assessment district by publication of the resolution of necessity pursuant to the terms and provisions of § 40–22–15, N.D.C.C.

The City of Minot contends that Fisher and Van de Streek's challenge to the validity of the proceedings is premature because it was made prior to the completion of a list of the benefits and assessments of the project by the special assessment commission and before confirmation by the City of Minot and certification to the city auditor's office.

This court held, in syllabus paragraphs 3 and 14 of Murphy v. City of Bismarck, *supra* 109 N.W.2d at 635:

"3. Among the legislative grants of power to cities is the power to create improvements by the special-assessment method as set forth in Chapter 40–22, N.D.C.C.; and Section 40–22–08, N.D.C.C., in conjunction with Section 40–04–01(8) and cognate statutes, expressly grants power to create street-improve-

ment districts to widen, pave, and otherwise improve streets and avenues. Those statutory provisions which are mandatory and not merely directory, prescribing the method or procedure to be followed, must be strictly observed.

"14. A judicial review of the question of benefit or detriment to the abutting property owners is premature until after the special-assessment commission has caused to be made a complete list of the benefits and assessments and has confirmed the list for certification to the office of the city auditor or the village clerk, as the case may be."

In the instant case, Fisher and Van de Streek have failed in their burden of proof to show that they have been prejudiced in the proceedings thus far completed by the City of Minot because the only notice required by § 40–22–15, N.D.C.C., is the publication of the resolution of necessity.

Mr. Fisher further buttressed the position of the City of Minot by the following testimony:

"[by Mr. Fisher] A  Well, it was a program that was started years before and created these other lots and we all became a part of these lots and they proved out their function and very evident there was more need if the area was to survive.

\* \* \*

"Q  There wasn't anything hidden by the City Council, was there?

"A  None whatsoever.

"Q  Would you repeat your answer?

"A  None whatsoever."

Furthermore, the City of Minot, in setting up the special improvement district, has not reached the point where it is actually levying assessments against particular property. Thus, in accordance with our decision in Murphy v. City of Bismarck,

*supra,* we hold in the instant case that Chapter 40–22 is constitutional.

 In raising the issue of whether or not § 40–22–18, N.D.C.C., is in violation of the "one man, one vote" principle enunciated by the United States Supreme Court decision, Fisher and Van de Streek were able to establish that, of the 270 property owners in the geographic area comprising Parking Improvement District No. 4, there were only 95 protesting property owners. Thus, the number of protesters was not only less than a majority of the property owners, but represented less than the majority of the area of the property within the parking district, as required by § 40–22–18, N.D.C.C. Therefore, since the number of protesters is less than a majority, Fisher and Van de Streek have failed in their burden of proof to bring themselves within the doctrine of the "one man, one vote" rule and have accordingly failed to demonstrate that they have suffered harm as a result of § 40–22–18, N.D.C.C., because, even if the "one man, one vote" standard should prevail, the number .of protesters is insufficient to bar the completion of the improvement project. It is our opinion that we cannot further extend the doctrine of "one man, one vote", as enunciated in Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), to cover the instant case. Walleghem v. Thompson, 185 N.W.2d 649 (1971).

Fisher and Van de Streek urge that the trial court erred in refusing to admit into evidence Plaintiffs' Exhibits 7, 8, and 9 over the objections of the City of Minot, which exhibits are projections of the tax burden which would be incurred by the individual downtown businesses if the Parking Improvement District No. 4 project is completed. The basis for the objections by the City of Minot to such exhibits was that the tax projections were not prepared by the City of Minot and therefore were of no probative value. Whether it was er-

ror is immaterial in this case, in light of what we have said in this opinion.

For the reasons stated in the opinion, the judgment of the trial court is affirmed.

STRUTZ, C. J., and KNUDSON, TEIGEN and ERICKSTAD, JJ., concur.