## MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY *v.* C. L. MERRICK COMPANY.

### ERROR TO THE DISTRICT COURT, SIXTH JUDICIAL DISTRICT, OF THE STATE OF NORTH DAKOTA.

No. 15. Argued January 29, 1920.—Decided December 20, 1920.

A decree of this court affirming "without prejudice" an injunctive decree of a state court upholding a statutory railroad rate against a charge of confiscation, determines the adequacy of the rate for the period antedating the decree, and is not superseded by a decree in a subsequent suit holding the rate confiscatory upon new evidence developed by a further test. P. 377.

A federal question which has been specifically settled and is no longer an open one in this court, is not an adequate basis for a writ of error. *Id.*

Writ of error to review 35 N. Dak. 331, dismissed.

THE case is stated in the opinion.

*Mr. John L. Erdall,* with whom *Mr. A. H. Bright* and *Mr. H. B. Dike* were on the brief, for plaintiff in error.

*Mr. Alfred Zuger* and *Mr. Andrew Miller,* with whom *Mr. B. F. Tillotson* was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a companion case to *Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Washburn Lignite Coal Co.,* just decided, *ante,* 370, and was brought by a shipper to recover charges exacted in excess of the statutory rate. The shipments were made prior to the first judgment in the injunction suit, when the carrier was refusing to give effect to the schedule; and the excess was paid under pro-

test and because the carrier would not deliver the coal on payment of the statutory rate. In the trial court there was a judgment against the shipper, and this was reversed by the Supreme Court with a direction to award the shipper the amount claimed. 35 N. Dak. 331. The carrier prosecutes this writ of error.

The pleadings, the opinion of the Supreme Court, and the briefs in this court, show that the only controversy in that court was over the meaning and effect of the first judgment in the injunction suit as affirmed by this court "without prejudice," etc. On the part of the shipper it was insisted that that judgment finally and conclusively determined the validity of the statutory rate in respect of the period preceding its rendition; and on the part of the carrier it was insisted that the judgment was interlocutory merely and was entirely superseded and held for naught by the subsequent judgment of this court in the later proceeding. The court sustained the shipper's contention and rejected that of the carrier, saying:

"The fallacy in respondent's [carrier's] contention, as we view it, lies in the unwarranted assumption that the latter judgment relates back and supersedes the first. When respondent [carrier] applied for and was granted leave to make a new showing as to the confiscatory character of the statutory rates, it amounted in legal effect to the commencement of a new action to determine a new issue; to-wit, whether as applied to and in the light of facts *subsequently arising,* such statutory rates are confiscatory. The case was not reopened for the purpose of relitigating the issues formerly decided, nor was the former decree in any way affected. This is made clear by the recent decision of the Supreme Court in *Missouri* v. *Chicago, B. & Q. R. Co.,* 241 U. S. 533."

In support of that view the court quoted portions of the opinion in the case cited, including the following:

"In a rate case where an assertion of confiscation was

not upheld because of the weakness of the facts supporting it, the practice came to be that the decree rejecting the claim and giving effect to the statute was, where it was deemed the situation justified it, qualified as 'without prejudice,' not to leave open the controversy as to the period with which the decree dealt, and which it concluded, but in order not to prejudice rights of property in the future if from future operation and changed conditions arising in such future it resulted that there was confiscation. And the same limitation arising from a solicitude not to unduly restrain in the future the operation of the law came to be applied where the asserted confiscation was held to be established. In other words, the decree enjoining the enforcement of the statute in that case was also qualified as without prejudice to the enforcement of the statute in the future if a change in conditions arose. . . . A complete illustration of the operation of the qualification is afforded by the *North Dakota Case*, just cited [216 U. S. 579], since in that case as a result of the qualification 'without prejudice' the case was subsequently reopened and upon a consideration of new conditions arising in such future period, a different result followed [236 U. S. 585] from that which had been previously reached."

When we have in mind the question which the Supreme Court was called on to decide, and did decide, and the fact that the question was no longer an open one in this court, as is shown by our opinion in the *Missouri Case*, it is apparent that this writ of error is without any adequate basis.

*Writ of error dismissed.*