## UTLEY ET AL. *v.* ST. PETERSBURG.

No. 627. Argued March 12, 1934.—Decided April 2, 1934.

---

*Mr. Lloyd D. Martin* for appellants.

*Mr. Wm. F. Way,* with whom *Messrs. F. P. Fleming, E. J. L'Engle,* and *J. W. Shands* were on the brief, for appellee.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The appellants complain that assessments have been so laid upon their lands as to constitute a denial of due process of law. United States Constitution, Amendment XIV.

On April 20, 1925, the City Commission of St. Petersburg, Florida, adopted a resolution for the grading and paving of certain streets and alleys, including First Ave-

nue north from 46th Street to Dusston, the abutting property to be assessed for the expense of the improvement " in accordance with the benefits derived therefrom."

On August 16, 1926, the city accepted the work on First Avenue, which had been completed by the contractor, and directed that the cost ($40,937.46) be spread over the abutting parcels in proportion to the frontage.

On September 6, 1926, the Commission, pursuant to notice duly published, met for the purpose of receiving complaints in respect of the assessments, and no complaints being received, the assessments were confirmed. The applicable statute provides that " all persons who fail to object to the proposed assessments in the manner herein provided, shall be deemed to have consented to and approved the same." Chap. 9914, Acts of 1923, § 13.

The Commission before confirming the assessments had voted an issue of bonds, which were general obligations of the city, the proceeds to be used to make payments to contractors during the progress of the work. Chap. 9914, Acts of 1923, § 17. The amount of the issue was seventy per cent of the estimated cost of the improvement of all the streets, First Avenue and others. The bonds were to be met at their maturity out of the proceeds of the special assessments, which were set apart as a separate fund. §§ 2, 17. If the fund turned out to be inadequate, the deficiency due upon the bonds was to be collected through general taxes like other city obligations. § 2.

On August 11, 1930, the city authorities levied an *ad valorem* tax on all the taxable property in the city to make good a deficiency which had then been ascertained, the tax being at the rate of 14½ mills on each dollar of assessed valuation of property of every kind.

In 1929 and again in 1931, statutes were enacted confirming the assessments and curing any irregularities in the process of laying them. Chap. 14392, Acts of 1929; c. 15511, Acts of 1931.

The appellants, who are property owners on First Avenue within the area of the improvement, brought this suit in or about April, 1931, to set aside the special assessment and also the lien of the general tax. A demurrer to the complaint was sustained, and the suit dismissed. The Supreme Court of Florida affirmed the decree, holding in its opinion that the applicable statutes did not infringe the immunities secured by the Fourteenth Amendment, and further that through laches and acquiescence as well as through a failure to take advantage of other statutory remedies, the appellants were "estopped" from maintaining the suit. 111 Fla. 844; 149 So. 806. Upon an appeal to this court the question of jurisdiction was postponed to the hearing on the merits.

■ The appellants contend that the special assessment is invalid under the Constitution of the United States for the reason that the resolution voting the improvement was adopted without an opportunity to landowners to be heard in opposition. This does not present a substantial federal question. Cf. *Levering & Garrigues Co.* v. *Morrin,* 289 U.S. 103, 108; *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *C. L. Merrick Co.,* 254 U.S. 376. There is no constitutional privilege to be heard in opposition at the launching of a project which may end in an assessment. It is enough that a hearing is permitted before the imposition of the assessment as a charge upon the land (*Chicago, M., St. P. & P. Ry. Co.* v. *Risty,* 276 U.S. 567; *Londoner* v. *Denver,* 210 U.S. 373, 378; *Goodrich* v. *Detroit,* 184 U. S. 432, 437), or in proceedings for collection afterwards. *Hagar* v. *Reclamation District No. 108,* 111 U.S. 701; *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U.S. 526, 537; *Wells, Fargo & Co.* v. *Nevada,* 248 U.S. 165.

This court will not listen to an objection that the charge has been laid in an arbitrary manner when an administrative remedy for the correction of defects or inequalities has been given by the statute and ignored by the objector.

*Milheim* v. *Moffat Tunnel District*, 262 U.S. 710, 723; *Farncomb* v. *Denver*, 252 U.S. 7; *Porter* v. *Investors Syndicate*, 286 U.S. 461.

■ On the assumption that a hearing was unnecessary in advance of the improvement, the appellants, none the less, contend that the later hearing provided for in advance of the assessment is so restricted in its scope as to be an illusory protection. There would be difficulty in framing a remedy more comprehensive than that given by the statute if it is to be taken at its face value. The owner " may appear at the time and place fixed for the said hearing and object to the proposed assessment against the property or to the amount thereof." § 13. " The Governing Authority of the Municipality shall hear and determine all objections and protests to the proposed assessments under such reasonable rules and regulations as it may adopt." § 13. If the protest is overruled, the owner within thirty days thereafter may contest " the legality " of the assessment by action in the courts. §, 15. On its face, the remedy thus supplied is plenary and adequate. What the appellants really claim is this, that the remedy, though adequate on its face, is made inadequate by provisions of the Florida constitution, which are said to condemn it. We do not elaborate the argument, for the conflict, if there is any, between the statute regulating this improvement and the local constitution must be adjudged, not by us, but by the courts of the locality. The landowners have had abundant opportunity to bring the conflict to a test. They have let the hour go by. They did not appear before the Commission and either affirm or deny its jurisdiction. They stayed out of the proceeding altogether. When the assessment had been laid and they were suing to set it aside, they did not challenge the validity of the administrative remedy by the allegations of their bill. So far as the record shows, they did not even challenge it in argument when the case was heard

upon appeal. If the point was made, it was not accepted. If omitted, it was waived.

The supposed defects in the scope of the administrative remedy do not present a substantial question within the federal jurisdiction.

■ The appellants do not confine themselves to a challenge of the special assessment in their assault upon the statute: they urge the objection also that the levy of a general tax to make up the deficiency in the fund for the payment of the bonds is invalid under the Fourteenth Amendment because the bonds were issued without notice to the taxpayers. But notice was unnecessary. The argument to the contrary goes counter to so many decisions that it must be condemned as unsubstantial. The distinction is fundamental between the incurring of the indebtedness and the imposition of the lien. *Roberts* v. *Richland Irrigation District,* 289 U.S. 71; *St. L. & S. W. Ry. Co.* v. *Nattin,* 277 U.S. 157, 159; *French* v. *Barber Asphalt Paving Co.,* 181 U.S. 324; *Webster* v. *Fargo,* 181 U.S. 394; *Chicago, M., St. P. & P. Ry. Co.* v. *Risty, supra.*

■ Finally, the appellants are barred, or so the Supreme Court of Florida has held, by laches and estoppel. They stood by without opposition while the property was improved. They refrained from making use of remedies, both administrative and judicial, that were ready to their call. For nearly five years they held aloof without word or act of protest, and then invoked the aid of equity. Following *Abell* v. *Boynton,* 95 Fla. 984; 117 So. 507, and other state decisions, the Supreme Court of Florida withheld an equitable remedy from suitors who had slept upon their rights. By force of that ruling, the decree of the state court rests upon a non-federal ground broad enough to support it. *Enterprise Irrigation District* v. *Farmers Mutual Canal Co.,* 243 U.S. 157, 164. Our jurisdiction therefore fails. *Enterprise Irrigation District* v. *Farmers Mutual Canal Co., supra; Pierce* v. *Somerset Ry. Co.,*

171 U.S. 641; *Leonard* v. *Vicksburg, S. & P. R. Co.,* 198 U.S. 416; *McCoy* v. *Shaw,* 277 U.S. 302.

The federal questions are unsubstantial; the non-federal question is genuine and adequate. *Lawrence* v. *State Tax Comm'n,* 286 U.S. 276, 282; *Abie State Bank* v. *Bryan,* 282 U.S. 765, 773.

The appeal is

*Dismissed.*