2003 ND 181

**CRANE JOHNSON LUMBER COMPANY, and Swanston Equipment, Inc., Plaintiffs and Appellants,**

v.

**CITY OF FARGO, North Dakota, a municipal corporation, Defendant and Appellee.**

**No. 20030146.**

Supreme Court of North Dakota.

Dec. 2, 2003.

Daniel J. Crothers, Nilles, Hansen & Davies, Ltd., Fargo, for plaintiffs and appellants.

Garylle B. Stewart, Fargo, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Crane Johnson Lumber Company ("Crane Johnson") and Swanston Equipment, Inc., ("Swanston") appealed from a district court judgment dismissing their action against the City of Fargo, challenging assessments for a street improvement project. We affirm.

I

[¶ 2] In 1998, the Fargo City Commission created Special Improvement District # 4837 to pave a portion of 34th Street Southwest in Fargo between Main Avenue and 4th Avenue South. Crane Johnson and Swanston own property abutting 34th Street Southwest within the improvement district. The City sent notices of the creation of the improvement district to Crane Johnson and Swanston, and they did not protest creation of the district.

[¶ 3] The Special Assessment Commission subsequently assessed the costs of the project to the properties within the district on a front foot basis. After receiving notice of the specific assessments on their properties, Crane Johnson and Swanston protested the amounts of the assessments. The City Commission ultimately confirmed the assessments.

[¶ 4] Crane Johnson and Swanston brought this action against the City, claiming the Special Assessment Commission acted arbitrarily, capriciously, and unreasonably in setting the assessments on their property, and seeking an order that the matter be remanded for reassessment. The district court concluded the Special Assessment Commission did not act arbitrarily, capriciously, or unreasonably, and dismissed the action.

II

[¶ 5] The primary argument raised by Crane Johnson and Swanston on appeal is that the Special Assessment Commission erred in failing to assess a portion of the costs of the project to property lying outside of the improvement district, alleging that those properties were substantially benefited by the improvement. This argument ignores the statutory procedure for creation of special improvement districts and misinterprets the authority of the Special Assessment Commission.

[¶ 6] Special improvement districts are created by ordinance or resolution of the governing body of a municipality, after consultation with the city engineer. N.D.C.C. §§ 40–22–08, 40–22–09. The governing body of the municipality, in creating the improvement district, must "include all properties which in the judgment of the governing body . . . will be benefited by the construction of the improvement project." N.D.C.C. § 40–22–09. After the improvement district is created, the Special Assessment Commission determines the particular lots and parcels within the improvement district which are especially benefited by the project and assesses the costs of the project against those properties. *See* N.D.C.C. § 40–23–07; *Serenko v. City of Wilton*, 1999 ND 88, ¶ 20, 593 N.W.2d 368. Property lying outside the limits of the improvement district is not subject to assessment. *Dakota Land Co. v. City of Fargo*, 224 N.W.2d 810, 812 (N.D. 1974).

[¶ 7] If Crane Johnson and Swanston wished to challenge the failure to include

other nearby properties within the special improvement district, they could have protested the creation of the district. *See* N.D.C.C. § 40–22–17. Crane Johnson and Swanston concede they did not challenge creation of the district. Because the Special Assessment Commission was without authority to assess properties lying outside the limits of the district, its failure to do so was not arbitrary, capricious, or unreasonable.

[¶ 8] We have considered the remaining issues raised by Crane Johnson and Swanston and find them to be without merit. The judgment is affirmed.

[¶ 9] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.