2017 ND 176

**PAVING DISTRICT 476 GROUP, SPCM, LLC, Schuler Repair, Feland Brothers Properties, LLC, Hudye Group LP, and Northern Plains Apartments, LLC, Plaintiffs and Appellants**

**v.**

**CITY OF MINOT, Defendant and Appellee**

No. 20160317

Supreme Court of North Dakota.

Filed 7/12/2017

Lynn M. Boughey, Bismarck, N.D., for plaintiffs and appellants.

Bradley Wiederholt (argued), Randall J. Bakke (on brief), and Wade A. Davison (appeared), Bismarck, N.D., for defendant and appellee.

Tufte, Justice.

[¶ 1] Paving District 476 Group; SPCM, LLC; Schuler Repair; Feland Brothers Properties, LLC; Hudye Group LP; and Northern Plains Apartments, LLC (collectively "landowners") appeal from an order dismissing their complaint against the City of Minot. We affirm, concluding the City's alleged failure to give the landowners notice of the full extent of the proposed improvements did not violate the landowners' constitutional due process rights and the landowners' action to invalidate the assessments for failure to follow statutory procedural requirements is barred by N.D.C.C. § 40-22-43.

I

[¶ 2] The City received a petition to make improvements to 36th Avenue Northeast. An engineer's report was completed. The cover sheet of the report stated the project "would reconstruct 36th Ave NE from 2nd St NE to 10th St NE to a two lane urban roadway." The report stated, "The proposed improvements will include the construction of an urban street section on 36th Ave NE between 2nd St NE and 13th St NE and new lighting west of 2nd St NE to Broadway." The report

included the estimated cost of the project, including the work between 10th Street and 13th Street.

[¶ 3] On October 1, 2012, the City Council approved Resolution No. 3109, declaring work necessary for an improvement in Paving District No. 476. The resolution stated the owners of the property liable to be specially assessed for the improvements would have thirty days to file written protests and a hearing would be held to hear protests.

[¶ 4] In a letter dated October 5, 2012, the City informed property owners about the creation of the paving district and the proposed street improvements to install "an urban street section from 2nd St to 10th St consisting of storm sewer, curb and gutter, asphalt paving, and street lighting." The letter advised property owners that the costs for the project would be assessed to each property owner proportionate to and not exceeding the benefits they derive from the improvements. The letter also advised property owners that they had thirty days to protest the improvements and a public hearing would be held on December 3, 2012.

[¶ 5] The resolution, including a map of the special assessment district, was published in the Minot Daily News on October 6 and 12, 2012. The published resolution stated the Engineer's Report with an estimate of the probable cost of the work was on file and open for public inspection in the City Auditor's office. On December 3, 2012, a public hearing on the resolution was held. On November 4, 2013, the City Council adopted Resolution 3250 awarding the sale of warrants to finance the improvements.

[¶ 6] In June 2015, the City sent property owners in the special assessment district letters informing them of the amount of the proposed assessment to their properties and that a public hearing would be held. On June 7, 2015, a "Notice of Costs, Benefits, Assessments and Date of Public Hearing for Paving District" was published in the Minot Daily News. The notice included maps of the special assessment district and the amount of the proposed assessment for each property. On June 22, 2015, the special assessment commission held a public hearing.

[¶ 7] At a July 6, 2016, meeting, the City Council approved the special assessment commission report for the paving district. Several property owners attended the meeting and spoke before the council, raising concerns about a change in the area being improved and about paying for improvements to properties outside city limits. The minutes from the meeting indicate the city engineer explained the district was created and always indicated it was going to 13th Street Northeast, but a mistake was made when notices were sent out stating improvements went to 10th Street Northeast; the scope of the project did not increase; the cost estimates included improvements to 13th Street Northeast; and notices were not resent with the corrected information because the costs remained the same.

[¶ 8] On October 28, 2015, the landowners sued the City, seeking a judgment declaring the assessments invalid and the assessments be held in abeyance until they did not include the area between 10th and 13th Streets and enjoining the City from certifying future assessments. They claimed the assessments are invalid because they did not receive proper notice, the City violated their due process rights by expanding the improvements beyond the original parameters and failing to give notice the improvements included the expanded area, and they were assessed for improvements between 10th Street and 13th Street which do not benefit their

properties and constitute a gift to third parties.

[¶ 9] The City moved to dismiss the complaint, arguing the landowners failed to meet jurisdictional time limitations under N.D.C.C. §§ 40–22–43, 40–26–01, and 28–34–01 and the landowner's constitutional claims are barred by *Serenko v. City of Wilton*, 1999 ND 88, 593 N.W.2d 368.

[¶ 10] After a hearing, the district court granted summary judgment and dismissed the complaint. The court concluded the landowners were barred from bringing the action because they failed to appeal or commence the action within the thirty-day time limit under N.D.C.C. § 40–22–43 and any statutory irregularities did not deprive the landowners of their constitutional due process rights.

## II

[¶ 11] Our standard for reviewing summary judgments is well-established:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Sorenson v. Bakken Investments LLC*, 2017 ND 127, ¶ 6, 895 N.W.2d 302 (quoting *Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754).

## III

[¶ 12] The landowners argue the City violated the statutory notice requirement under N.D.C.C. § 40–22–15. They claim they did not receive proper notice of the improvements, because the notice and maps of the assessment district indicated the proposed improvements related to 36th Avenue ended at 10th Street, but the improvements continued to 13th Street and they were assessed for these additional amounts. They contend the statutory time limitation for appealing or bringing an action under N.D.C.C. § 40–22–43 does not apply, because there were defects and irregularities with the notice that violated the due process and gift clauses of the state constitution.

### A

[¶ 13] Section 40–22–15, N.D.C.C., provides regulations governing the resolution declaring a proposed improvement necessary:

After the engineer's report required by section 40–22–10 has been filed and approved, the governing body of the municipality, by resolution, shall declare that it is necessary to make the improvements described therein. However, a resolution is not required if the improvement constitutes a water or sewer improvement as described in subsection 1 of section 40–22–01, nor if the governing body determines by resolution that a written petition for the improvement,

signed by the owners of a majority of the area of the property included within the district, has been received. The resolution must refer intelligibly to the engineer's report and include a map of the municipality showing the proposed improvement districts. The resolution must then be published once each week for two consecutive weeks in the official newspaper of the municipality.

The landowners contend the City violated this statute because the notice of the resolution contained defects and irregularities, including errors in describing the extent of the proposed improvements. They claim the defects and irregularities prevented them from receiving proper notice and objecting to the improvements.

■ [¶ 14] The district court recognized the City inconsistently described the extent of the improvements, with some of the documents stating that the improvements to 36th Avenue would be made between 2nd Street and 10th Street and others stating the improvements would be made between 2nd Street and 13th Street. However, the court did not decide whether there was a violation of the statutory notice requirement, because the court concluded the action was barred by statutory time limitations under N.D.C.C. § 40–22–43. The court explained an action founded on defects or irregularities under N.D.C.C. ch. 40–22 must be commenced within thirty days of the adoption of the resolution of the governing board awarding the sale of warrants to finance the improvement under N.D.C.C. § 40–22–43. The court found the resolution awarding the sale of warrants was adopted by the City Council on November 4, 2013, and an action was not commenced within 30 days.

[¶ 15] Section 40–22–43, N.D.C.C., creates a statute of repose for actions based upon defects and irregularities in proceedings under N.D.C.C. ch. 40–22, which governs the creation of the improvement district:

> Defects and irregularities in any proceedings had or to be had under this chapter relating to municipal improvements by the special assessment method, when the proceedings are for a lawful purpose and are unaffected by fraud and do not violate any constitutional limitation or restriction, shall not invalidate such proceedings, and no action shall be commenced or maintained and no defense or counterclaim in any action shall be recognized in the courts of this state founded on any such defects or irregularities in such proceedings, unless commenced within thirty days of the adoption of the resolution of the governing board awarding the sale of warrants to finance the improvement.

[¶ 16] The landowners brought this action to invalidate the assessments, arguing the City failed to comply with statutory notice requirements under N.D.C.C. § 40–22–15 when it created the improvement district and decided the improvements were necessary. The landowners did not commence the action within thirty days of adoption of the resolution awarding the sale of warrants. Therefore, the landowners' action is barred under N.D.C.C. § 40–22–43 unless the proceedings violated any constitutional limitation or restriction.

### B

■ [¶ 17] The landowners argue the defects in the notice violated basic due process because due process requires at a minimum that any assessment proceeding provide substantial and correct notice to all persons subject to assessment, and in this case, the City failed to provide accurate and correct notice of the expanded scope of the project to 13th Street.

[¶ 18] Under the Fourteenth Amendment of the United States Constitution, no

state shall "deprive any person of life, liberty, or property, without due process of law...." Article I, section 12 of the North Dakota Constitution also states, "No person shall ... be deprived of life, liberty or property without due process of law."

[¶ 19] In *Serenko*, 1999 ND 88, ¶ 9, 593 N.W.2d 368, this Court interpreted N.D.C.C. § 40–22–43 and addressed a claim that a defect or irregularity in the notice of the creation of an assessment district constituted a violation of constitutional due process rights. The Court held the city's failure to publish a complete map of the special assessment district did not violate due process rights and any action to invalidate the assessments for failure to follow statutory procedural requirements was barred by N.D.C.C. § 40–22–43. *Serenko*, at ¶ 1. In interpreting N.D.C.C. § 40–22–43, the Court said that because the landowners did not commence the action within thirty days of the adoption of the resolution awarding the sale of warrants, the action was barred unless the city's failure to comply with statutory notice requirements violated any constitutional limitation or restriction. *Serenko*, at ¶ 11. The Court held there is no constitutional right to notice when a city initially decides to construct an improvement, but there must be notice and an opportunity to be heard at some point before the individual assessment becomes final. *Id.* at ¶ 14. The Court said the landowners relied exclusively on the statutory notice requirements under N.D.C.C. § 40–22–15 as the basis for the alleged constitutional violation, but the legislature created a statutory procedure giving greater notice and an opportunity to be heard than is constitutionally required, and the legislature also limited the remedies for violating the statutory procedure by requiring an action commence within thirty days. *Serenko*, at ¶ 16. The Court held "N.D.C.C. § 40–22–15 creates a purely statutory right to no-

tice of the resolution of necessity[,]" a violation of the statutory right did not deprive the landowners of their constitutional right to due process, and the action based on the irregularities was barred because the landowners did not commence the action within 30 days. *Serenko*, at ¶ 18.

[¶ 20] The landowners claim the City violated their constitutional due process rights because they did not receive proper notice when the City created the improvement district. However, there is no constitutional right to notice when a municipality initially decides to construct an improvement. *Serenko*, 1999 ND 88, ¶¶ 14, 16, 593 N.W.2d 368; *Utley v. City of St. Petersburg, Fla.*, 292 U.S. 106, 109, 54 S.Ct. 593, 78 L.Ed. 1155 (1934) (holding there is no constitutional right to "be heard in opposition at the launching of a project which may end in an assessment"). The due process clause protects people from the deprivation of life, liberty, or property without due process of law. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The creation of an improvement district and the making of the improvement alone do not deprive an individual of personal or property rights. *See Fisher v. City of Minot*, 188 N.W.2d 745, 751 (N.D. 1971). "[D]ue process requires only notice and an opportunity to be heard at some point before the individual assessment becomes final." *Serenko*, at ¶ 14; *see also Utley*, at 109, 54 S.Ct. 593. The landowners do not argue they did not receive proper notice and an opportunity to be heard before the individual assessments became final.

[¶ 21] Because the decision to create an assessment district and make the improvements did not deprive the landowners of property rights, they did not have a constitutional right to notice and an opportunity

to be heard. Any violation of statutory notice requirements at this stage in the assessment proceedings was purely a statutory violation and did not violate the landowners' constitutional due process rights. The landowners failed to establish that the alleged defects or irregularities in the process violated their constitutional due process rights.

C

[¶ 22] The landowners also argue the thirty-day time limitation in N.D.C.C. § 40-22-43 does not apply, because the proceedings violated the gift clause provisions of the North Dakota Constitution. Property owners in the area adjacent to 36th Avenue between 10th Street and 13th Street receive the benefit of the improvements but are not required to pay any assessments. The landowners argue this constitutes a donation to these individual landowners in violation of the gift clause.

[¶ 23] The gift clause, N.D. Const. art. X, § 18, states:

The state, any county or city may make internal improvements and may engage in any industry, enterprise or business, not prohibited by article XX of the constitution, but neither the state nor any political subdivision thereof shall otherwise loan or give its credit or make donations to or in aid of any individual, association or corporation except for reasonable support of the poor, nor subscribe to or become the owner of capital stock in any association or corporation.

[¶ 24] We apply principles of statutory construction to interpret constitutional provisions. *Thompson v. Jaeger*, 2010 ND 174, ¶ 7, 788 N.W.2d 586. Our overriding objective is to give effect to the intent and purpose of the people who adopted the constitutional provision. *Id.* The intent and purpose of the constitutional provision is to be determined from the language of the provision itself. *Id.* Words are given their plain, ordinary, and commonly understood meaning. *Id.*

[¶ 25] This Court has previously examined the history and structure of this provision. *See, e.g., Hale v. State*, 2012 ND 148, ¶¶ 16-35, 818 N.W.2d 684; *Haugland v. City of Bismarck*, 2012 ND 123, ¶¶ 22-40, 818 N.W.2d 660. The initial clause is a positive statement of authority: "city may make internal improvements." The "purpose is to set forth an exception to the limitation that follows." *Haugland*, at ¶ 29 (quoting *Northwestern Bell Tel. Co. v. Wentz*, 103 N.W.2d 245, 253-54 (N.D. 1960)). The plain language of the provision explicitly allows a city to make internal improvements. Public roads and highways are internal improvements. *Wentz*, 103 N.W.2d at 254. As we explained at length in *Wentz*, the limitation clause restricting loans, giving credit, and donations "does not apply to legislation for the making of internal improvements." *Id.* The landowners' claims rest on the mismatch between the landowners benefited by the paving project and the landowners required to pay assessments for it. As it relates to public improvement projects such as this one, the gift clause simply does not encompass such claims.[1]

---

1. Section 40-22-09, N.D.C.C., does require a close fit between benefit and burden in creating improvement districts: "Each improvement district shall be of such size and form as to include all properties which in the judgment of the governing body, after consultation with the engineer planning the improvement, will be benefited by the construction of the improvement project...." Because this was not argued by landowners either below or on appeal to this Court, we conclude only that compliance with this statutory requirement is not implicitly required by the gift clause.

[¶ 26] This Court also said N.D. Const. art. X, § 18 "incorporates restrictions of the due process clause of the federal constitution and requires the use of public funds derived from taxation to be for a public purpose." *Haugland*, 2012 ND 123, ¶ 37, 818 N.W.2d 660. "[A] public purpose 'has for its objective the promotion of public health, safety, morals, general welfare, security, prosperity, and contentment of all the inhabitants or residents within a given political subdivision.' " *Id.* (quoting *Gripentrog v. City of Wahpeton*, 126 N.W.2d 230, 237 (N.D. 1964)). "[W]here an appropriation of public funds is primarily for public purposes it is not necessarily rendered violative of constitutional provisions against gifts and loans of public credit by an incidental result which may be of private benefit." *Haugland*, at ¶ 37 (quoting *Stutsman v. Arthur*, 73 N.D. 504, 518, 16 N.W.2d 449, 454 (1944)). The public funds were to be used to pay for road improvements. We have indicated improvements to a designated area of a municipality satisfy the public purpose requirement for due process where the benefits of the project accrue to the city at large. *Haugland*, 2012 ND 123, ¶ 38, 818 N.W.2d 660 (citing *Marks v. City of Mandan*, 70 N.D. 474, 484, 296 N.W. 39, 45 (1941)). The paving district at issue here is for the improvement of streets open to public use, and thus the public purpose requirement is satisfied. The improvements do not violate N.D. Const. art. X, § 18.

[¶ 27] We conclude the landowners failed to establish the assessment proceedings violated any constitutional limitation or restriction. Because the landowners did not commence their action alleging the City violated N.D.C.C. § 40–22–15 within 30 days of the adoption of the resolution awarding the sale of warrants to finance the improvements, their action is precluded under N.D.C.C. § 40–22–43. The district court did not err in granting summary judgment and dismissing the landowners' complaint.

IV

[¶ 28] We affirm the order dismissing the landowners' complaint.

[¶ 29] Jerod E. Tufte

Lisa Fair McEvers

Carol Ronning Kapsner

Daniel J. Crothers

VandeWalle, Chief Justice, concurring specially.

[¶ 30] I concur in the result reached by the majority opinion. While I am concerned about the error in the notice and the application of N.D.C.C. § 40–22–43, requiring an action to contest the proceeding must be brought within 30 days of the sale of warrants to finance the improvement, the statute allows no other result in this instance even though the City did not acknowledge the error until much more than 30 days after the sale of the warrants. The majority, correctly I believe, denotes § 40–22–43 as a statute of repose. *Black's Law Dictionary* 1423 (7th ed. 1999) defines a statute of repose as a "statute that bars a suit a fixed number of years after the defendant acts in some way ... even if this period ends before the plaintiff has suffered any injury." If § 40–22–43 were a statute of limitation, the time for bringing an action to contest the proceeding might be held to run from the time the plaintiffs were notified or otherwise discovered the error in the notice. *See, e.g., Iverson v. Lancaster*, 158 N.W.2d 507 (N.D. 1968) (applying the discovery rule to malpractice actions); N.D.C.C. § 28–01–18(3) (as amended by 1975 N.D. Sess. Laws ch. 284 codifying discovery rule in malpractice actions). If a remedy for an error such as

this is to be found, the Legislature must find it.

[¶ 31] Gerald W. VandeWalle, C.J.

Daniel·J. Crothers