# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 55

Senske Rentals, LLC, a North Dakota
Limited Liability Company, and
Sierra Investments, LLC, a North Dakota
Limited Liability Company,                          Petitioners and Appellants

v.

City of Grand Forks, a political
subdivision of the State of North Dakota,           Respondent and Appellee

## No. 20220222

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

DeWayne A. Johnston, Grand Forks, ND, for petitioners and appellants.

Jenna R. Bergman (argued), Minneapolis, MN, and Corey J. Quinton (on brief), Fargo, ND, for respondent and appellee.

**McEvers, Justice.**

[¶1]   Senske Rentals, LLC, appeals a district court's order affirming the City of Grand Forks Special Assessment Commission's decision to specially assess property for street improvements. We affirm.

I

[¶2]   Senske owns property in a subdivision affected by a City of Grand Forks project designed to pave gravel roads, which required installation of a storm sewer and other infrastructure. In February 2019, the City Council approved plans for the project and created a special assessment district and a special assessment commission. In May 2019, City engineers prepared a report and an estimate of the cost of the project and provided notice to benefited property owners. The estimated cost of the project was $3.5 million. In June 2019, the City Council approved increasing the amount of the City's share of the project, from the usual policy of 15% for the City's share of the pond cost to 50% of the pond cost. Notice of the original assessment estimate was $0.98 to $1.36 per square foot and was sent to property owners.

[¶3]   A public meeting was held and property owners were asked for their input on the project. Jim Senske, owner of Senske Rentals, wrote, "I am in favor of this project in it's [sic] entirety – been a long time coming – will be good for this part of town." Thereafter, construction bids were received but were 27% higher than originally estimated by the City engineers. Property owners were notified of the updated assessment range of $1.57 to $1.80 per square foot. The Commission did not receive any comments or objections.

[¶4]   The Commission held a public hearing on September 30, 2021, where Jim Senske, on behalf of Senske, requested reconsideration of the assessment amount. The City Council ultimately reduced costs and removed the administrative markup, reducing the assessment to $1.41 per square foot, which was 3.7% higher than the original estimate.

[¶5]   On October 18, 2021, another hearing was held. A City engineer provided an in-depth explanation of the assessment determinations for the project. The City Council and City Attorney heard arguments made by Senske's attorney that the policy did not fairly allocate costs and that the City should be responsible for more of the costs. The City Council concluded the Commission followed policy and its actions were not arbitrary, capricious, or unreasonable. Senske appealed to the district court, which upheld the Commission's assessments. Senske appeals.

II

[¶6]   Senske requests this Court take judicial notice of multiple City of Grand Forks' published documents relating to the special assessment amount of the project.

[¶7]   A court may judicially notice an adjudicative fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." N.D.R.Ev. 201(b)(2). Facts that were not available to the district court below and are the subject of reasonable dispute will not be judicially noticed by this Court. *State v. Vetter*, 2019 ND 262, ¶ 6, 934 N.W.2d 543. Except for jurisdictional matters and the taking of judicial notice, we generally consider only issues raised below. *Workforce Safety & Ins. v. Oden*, 2020 ND 243, ¶ 54, 951 N.W.2d 187. This Court has discretion whether to take judicial notice when no request was made in the trial court. *Id.* at ¶ 56.

[¶8]   The documents Senske requests we take judicial notice of relate to information gathered nearly two years after the determination of the special assessment amount. The documents were not presented to the district court, the City Council, or the Special Assessment Commission. The documents are now offered in support of Senske's position that the special assessment was excessive. "[W]e do not try special assessment cases anew or reweigh the evidence." *Holter v. City of Mandan*, 2020 ND 202, ¶ 9, 948 N.W.2d 858. Therefore, we decline to take judicial notice of the City of Grand Forks'

2

published documents, and will not consider them, because they are not in the record.

## III

[¶9] Senske argues the Special Assessment Commission acted in an arbitrary, capricious, and legally unreasonable manner by failing to comply with the requirements of N.D.C.C. § 40-23-07 to determine the assessment to its properties.

[¶10] In an appeal from a decision of a local governing body under N.D.C.C. § 28-34-01, our scope of review is the same as the district court, which is very limited. *Tibert v. City of Minto,* 2006 ND 189, ¶ 8, 720 N.W.2d 921. We exercise a limited review of challenges to special assessments in part because of the separation of powers doctrine:

> The special assessment commission is in essence a legislative tribunal created by legislative authority to "(1) determin[e] the benefits accruing to the several tracts of land in an improvement district by reason of the construction of an improvement and (2) assess[ ] the costs and expenses thereof against each tract in proportion to the benefit received." Accordingly, judicial review is limited to assuring that local taxing authorities do not act arbitrarily, capriciously, or unreasonably. Courts are not to act as a super grievance board, and we do not try special assessment cases anew or reweigh the evidence. Rather, we begin with the presumption that assessments for local improvements are valid, and the burden is on the party challenging the validity of the assessments to demonstrate they are invalid.

*Holter*, 2020 ND 202, ¶ 9 (quoting *Bateman v. City of Grand Forks*, 2008 ND 72, ¶ 10, 747 N.W.2d 117).

[¶11] Section 40-23-07, N.D.C.C., governs a special assessment commission's decision relating to benefits and assessments:

> The commission shall determine the amount in which each of the lots and parcels of land will be especially benefited by the construction of the work for which such special assessment is to be

made, and shall assess against each of such lots and parcels of land such sum, not exceeding the benefits, as is necessary to pay its just proportion of the total cost of such work, or of the part thereof which is to be paid by special assessment, including all expenses incurred in making such assessment and publishing necessary notices with reference thereto and the per diem of the commission.

[¶12] This Court has stated three requirements must be satisfied for a special assessment to comply with N.D.C.C. § 40-23-07:

The special benefit accruing to each lot or parcel of land from the improvement must be determined. The special assessment levied against each lot must be limited to its just proportion of the total cost of the improvement. The assessment against any lot or parcel of land must not exceed the benefit which has been determined to have accrued thereto.

*Bateman*, 2008 ND 72, ¶ 11.

[¶13] This Court looks at whether, on its face, the legislative act was arbitrary, capricious, or legally unreasonable. *Holter*, 2020 ND 202, ¶ 12. In *Ulvedal v. Board of County Commissioners of Grand Forks County*, 434 N.W.2d 707, 708-09 (N.D. 1989), this Court stated:

Several decades ago, this court addressed the proper role of courts in reviewing a tax assessment by a local governing body. *Appeal of Johnson*, 173 N.W.2d 475 (N.D. 1970). In that earlier appeal, also from an assessment of real estate in Grand Forks, this court surveyed how courts in other states approached review of assessments of property for tax purposes. We concluded that "it is not for the court to substitute its judgment for that of the lawfully designated taxing authorities, . . . " *Id.* at 484. When "there is substantial evidence to support the appraisal made by the assessing authorities and no evidence of any discrimination," *Id.* at 484, a decision of county commissioners should be upheld.

[¶14] In summary, a reviewing court may not reverse a local governing body's action simply because it finds some of the material considered more convincing. *Holter*, 2020 ND 202, ¶ 12. A reviewing court can only reverse when there is

such an absence of evidence or reason as to amount to arbitrary, capricious, or unreasonable action. *Id*. As such, a municipality has broad discretion to determine benefits and apportion assessments and costs to properties within an improvement district. *Id*. at ¶ 13. There is no exact formula for quantifying benefits. *Id*. An "assessment may be apportioned according to frontage, area, value of, or estimated benefits to, the property assessed, or according to districts or zones, or on any other reasonable basis that is fair, just, and equitable." *Serenko v. City of Wilton*, 1999 ND 88, ¶ 21, 593 N.W.2d 368 (quoting *Cloverdale Foods Co. v. City of Mandan*, 364 N.W.2d 56, 61 (N.D. 1985)).

[¶15] Here, the Commission determined the benefit and the City made findings based on past practices, policies, and procedures. The findings include:

> The benefits received from the project are to allow drainage to public and private property to include streets, allows increased impervious surface areas caused by development, safely conveys storm water from the benefiting area and provides sanitary method of moving and holding storm water.

[¶16] The Commission found Senske's properties, along with other commercial properties, were benefited more than residential properties because commercial properties have more run off than residential properties. The Commission also reduced the benefit percentage regarding a pond in determining the amount assessed against each lot. The record includes a Benefit and Assessment chart that includes each affected property's benefit and percent benefited. The record does not include an exact formula quantifying how the Special Commission determined the benefit to each lot or parcel, other than following past practices. Where the record is silent as to how benefit was determined, we presume the determination of benefit is consistent with applicable ordinance and policy and the resulting assessment is valid, and Senske has the burden to demonstrate the determination of benefit did not comply with N.D.C.C. § 40-23-07. *See Bateman*, 2008 ND 72, ¶ 10 (relying on *Serenko*, 1999 ND 88, ¶ 20). The record does not reflect Senske made a specific argument on the method the Commission determined the benefit. Without an adequate record, Senske has failed to meet the burden to demonstrate the City

or the Special Commission acted arbitrarily, capriciously, or unreasonably in determining the benefit. This Court will not substitute its judgment for that of the Commission. *See Ulvedal*, 434 N.W.2d at 708-09.

[¶17] Senske also disagrees with the Commission's method of assessment. The Commission calculated the assessment amount by taking the cost of construction and dividing it by the square footage of the property and assessed it according to the lot frontage. After considering arguments made by Senske, the City Council reduced costs and waived administrative markups. Senske argues the complex nature of this project is not comparable to other projects that lend themselves to a simple form of calculation. However, we have routinely approved the use of formulas such as front footage area or value to determine the benefits assessed to properties. *See Holter*, 2020 ND 202, ¶ 18. This Court has previously rejected the same argument:

> We have rejected similar arguments in the past and upheld assessments based upon square footage of the property. Although the landowners and Serenkos may disagree with the special assessment commission's choice of method, and with its conclusion their properties were substantially benefitted by the street improvement project, it is not our function to reweigh the evidence. The landowners and Serenkos have failed to meet their burden of demonstrating the commission acted arbitrarily, capriciously, or unreasonably.

*Serenko*, 1999 ND 88, ¶ 23 (citations omitted).

[¶18] We conclude Senske has not met his burden to show the assessments are invalid or that the Commission failed to comply with the statutory requirements under N.D.C.C. § 40-23-07.

IV

[¶19] Senske also argues a constitutional taking occurred because the special assessments are as much as the improved value of the parcels. Senske did not raise this argument in the district court. Issues or contentions not raised in the district court cannot be raised for the first time on appeal. *Spratt v. MDU Res.*

6

*Grp., Inc.*, 2011 ND 94, ¶ 14, 797 N.W.2d 328. We will not consider whether a constitutional taking occurred for the first time on appeal.

V

[¶20] The order of the district court is affirmed.

[¶21] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr